2008 BNH 002
_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW HAMPSHIRE

In re:                                                                   Bk. No. 07-12533-MWV
                                                                         Chapter 7
Eugene E. O'Neil, Jr.,
        Debtor

*Charles A. Russell, Esq.*
*Attorney for Debtor*

*Thomas J. Pappas, Esq.*
*Gail E. Bakis, Esq.*
*WIGGIN & NOURIE, P.A.*
*Attorneys for Dawn M. O'Neil*

*Victor W. Dahar, Sr., Esq.*
*VICTOR W. DAHAR, P.A.*
*Chapter 7 Trustee*

*Geraldine B. Karonis, Esq.*
*OFFICE OF THE UNITED STATES TRUSTEE*

## MEMORANDUM OPINION

       The Court has before it the Debtor's motion to convert his case from Chapter 7 to Chapter 13 of the Bankruptcy Code. The Debtor originally filed under Chapter 7 on November 12, 2007. The motion before the Court was filed on February 20, 2008, and the Court held a hearing on the motion on March 19, 2008. Objections to the motion were filed by Dawn O'Neil, the Debtor's spouse, and by the Office of the United States Trustee.

       This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

       The Debtor, at the time of his filing under Chapter 7, was the 100% stockholder in a company called Deployment Technologies, Inc. ("DTI"), and its CEO and Chairman of the Board. The Debtor is

also embroiled in a divorce proceeding in Merrimack County Superior Court. Prior to the bankruptcy filing, the marital court issued an order restraining the Debtor from DTI. It also appointed a receiver to run DTI. The Debtor disputes that court's authority to do so, but that issue is not before this Court.

The Chapter 7 Trustee brought a motion before this Court to sell the Debtor's stock interest in DTI for $400,000. After several hearings, this Court approved the sale on March 10, 2008, over the Debtor's objection. The Debtor has now appealed that order.

The substance of Ms. O'Neil's objection to conversion is that the Debtor does not qualify under section 109(e) of the Bankruptcy Code because he has no regular income, and his unsecured debts exceed the limit. She also raises the issue of the Debtor's bad faith preventing the conversion to Chapter 13 under the Supreme Court case of Marrama v. Citizens Bank of Massachusetts, 127 S.Ct. 1105 (2007). The objection raised by the United States Trustee questions why the Debtor didn't originally file under Chapter 13 and also questions his regular source of income. The pertinent sections of the Bankruptcy Code are sections 109(e), 706(a) and 706(d).

> (e) Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $336,900 and noncontingent, liquidated, secured debts of less than $1,010,650 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e).

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
>
> . . . .
>
> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 U.S.C. § 706(a) and (d).

The first issue this Court will address is whether the Debtor meets the requirement that he have a regular source of income. It should be noted that 109(e) speaks only of income, not of disposable income. The evidence is uncontroverted that the Debtor, at the time of the filing of the bankruptcy petition and even at the time of the hearing on conversion, was receiving the sum of $6,666.66 per month from DTI. The Court finds that the Debtor has the requisite regular source of income.

The next issue is whether the Debtor meets the section 109(e) requirement that he have less than $336,900 in unsecured debt.

The Debtor listed on his schedules the sum of $74,569.60 in unsecured debts. He also listed an unknown amount owed to the Internal Revenue Service for 2006 taxes. That tax return has now been filed and shows taxes due for 2006 in the amount of $108,060. The main issue in this determination of amount of unsecured debt, is a proof of claim filed by the receiver of DTI showing loans to the Debtor at the time of the filing of $227,022.30. The Debtor objects to this amount arguing that it is to be treated as income to him as it was in 2006. However, the only evidence before the Court other than the Debtor's testimony is that, at the time of the filing, this amount was shown as a loan to the Debtor and, thus, a debt of the Debtor. The Court finds that, at the time of the filing and at the time of the hearing on conversion, the $227,022.30 constituted a debt for purposes of qualifying to be a debtor under section 109(e). At the time of the hearing on conversion, the issue was also raised as to his position as a guarantor of DTI's obligations to American Express. While he admitted that he was a guarantor, there was no evidence of any amount and, thus, for purposes of this hearing, the Court cannot consider any American Express obligation. Since the above debts total $409,651.90, clearly in excess of the 109(e) limit, the Court does not have to consider the arguments of the amount owed to Dawn O'Neil.

While this Court has already found that the Debtor does not qualify for Chapter 13, it does not have to tackle the Marrama issues raised by Dawn O'Neil. However, for judicial economy, the Court finds that Marrama would not prevent the conversion of this Debtor to Chapter 13. In Marrama, the prohibited actions of the debtors were prepetition consisting of the transfer and concealment of assets and

failure to identify them on the bankruptcy petition. In the instant case, the actions of the Debtor complained of have to do with an attempt to halt the trustee's sale of his stock, which are post-petition actions. This Court does not find that the "atypical" type of behavior required by Marrama in this case prevents conversion.

In summary, the Court finds that, at the time of the filing the bankruptcy petition and at the time of moving to convert, the Debtor had unsecured liabilities in excess of the 109(e) limitation and, thus, the Court denies the motion to convert.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

DATED this 20th day of March, 2008, at Manchester, New Hampshire.

/s/ Mark W. Vaughn
Mark W. Vaughn
Chief Judge